**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**ANTHONY LEROY DAVIS,**

    **Plaintiff,**

**v.**                                     **Case No: 8:13-CV-2655-T-27EAJ**

**THE COUNTY OF SEMINOLE, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff's **Application To Proceed Without Prepayment of Fees and Affidavit** (Dkt.2), which the Court construes as a motion for leave to proceed in forma pauperis.[1]

## Legal Standard

The in forma pauperis statute, 28 U.S.C. § 1915 (hereinafter "§ 1915"), permits the court to authorize the "commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" by an indigent person. The court must first determine the economic status of the litigant, but § 1915 permits the court to dismiss the complaint if it is frivolous, malicious, fails to state a claim, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) ) (per curiam) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) governs the dismissal of complaints under §

---

[1] The motion has been referred to the undersigned for disposition or a report and recommendation (Dkt. 2). See 28 U.S.C. § 636(b)(1) (2009).

1915(e)(2)(B)(ii) for failure to state a claim. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint must contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In addition to construing the complaint in the light most favorable to the plaintiff, the court should construe the complaint more liberally in a pro se action. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted).

Plaintiff does not have any dependents. He is incarcerated in Lansing, Kansas, where he earns $16 per month. Plaintiff has received $900 in gifts from his sisters this year. He does not own any real property or vehicles and discloses that he has $100 in his bank account. Plaintiff attached an "Inmate Account Statement" certified by an institutional officer showing that, as of July 23, 2013, Plaintiff had an available cash balance of $17.10 in his inmate account. However, Plaintiff's Application To Proceed Without Prepayment of Fees and Affidavit is not notarized. Given this deficiency, the Court is unable to make a determination on Plaintiff's motion to proceed in forma pauperis.

Additionally, Plaintiff's complaint is subject to dismissal for failure to state a claim. His handwritten, seven-page complaint indicates that Plaintiff is suing Seminole County, Florida, the police chief of the Sanford Police Department, and George Zimmerman, among others, for violation of his constitutional rights pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. He appears to be asserting a class action lawsuit on behalf of African American males for the "assassination" and

"conspiracy in the execution of Trayvon Benjamin Martin" on February 26, 2012. (Dkt. 1 at 4) But the basis of the claim is unclear, as the complaint does not contain a short and plain statement showing that Plaintiff is entitled to relief or allege enough facts to state a claim for relief that is plausible on its face.[2]

Accordingly, and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's construed motion to proceed in forma pauperis (Dkt. 2) be **DENIED WITHOUT PREJUDICE**;

(2)     Plaintiff be granted an opportunity to file:

(a)     a renewed motion to proceed in forma pauperis that is notarized; and

(b)     an amended complaint that invokes this Court's jurisdiction and states a claim under federal law or state law over which this Court has jurisdiction; and

(3)     Plaintiff's failure to timely file an amended motion and an amended complaint result in dismissal of this matter without further notice. See Local Rule 3.10(a), M.D. Fla.


**Date: October 21, 2013**

ELIZABETH A JENKINS
United States Magistrate Judge

---

[2] If Plaintiff files an amended complaint which meets this standard, it would be appropriate to transfer this case to the Orlando Division of the Middle District, as Seminole County is part of the Orlando Division, not the Tampa Division, and the complaint has a greater nexus with that division.

## <u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).


Copies to:
<u>Pro</u> <u>Se</u> Plaintiff
District Judge