UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY LEROY DAVIS,

    Plaintiff,

v().                                                                                                 Case No:   6:13-cv-1736-Orl-28TBS

COUNTY OF SEMINOLE, FLORIDA,
GEORGE ZIMMERMAN, CECIL SMITH
and JOHN AND JANE DOE,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Leave to Proceed on Appeal In *Forma Pauperis*. (Doc 21).   Upon due consideration, I **respectfully recommend** that the motion be **denied**.

### I.   Background

On October 15, 2013, Plaintiff filed suit in the Tampa Division of this Court against Seminole County, Seminole County Police Chief Cecil Smith, and George Zimmerman, alleging that the Defendants violated the United States Constitution and federal civil rights laws by their actions in connection with the shooting of Trayvon Martin.   (Doc. 1).

Plaintiff filed an amended complaint on November 4, 2013.   (Doc. 6). The caption of the amended complaint identifies Plaintiff as: "Class Action, Anthony Leroy Davis,

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

executor, in re., Trayvon Benjamin Martin, decedent."[2] (Doc. 6 at 1). In the amended complaint, Plaintiff alleges that "[t]wo or more persons in the State of Florida conspired to go on the premises of Trayvon Benjamin Martin's for the purpose of depriving directly or indirectly any young African-American/Black male of the equal protection of the laws." (Doc. 6 at 4). He seeks recovery for negligence, wrongful death, and Eighth Amendment violations pursuant to 42 U.S.C. § 1983. (Id.) Plaintiff's complaint does not indicate how (if at all) he was personally injured by these events. Along with the complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). On October 16, Magistrate Judge Jenkins recommended that the Court deny the motion and dismiss the case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim for relief. (Doc. 3).

Plaintiff did not object to Magistrate Judge Jenkins's Report and Recommendations. Instead, on November 4, he filed a Motion to Amend Complaint (Doc. 5), an Amended Complaint (Doc. 6), another Motion for Leave to Proceed *in forma pauperis* (Doc. 7), and a Motion for Miscellaneous Relief, specifically for service by U.S. Marshal (Doc. 8). On November 6, Judge Whittemore adopted the Report and Recommendations, denied the first Motion for Leave to Proceed *in forma pauperis*

---

[2] Plaintiff purports to be executor of Trayvon Martin's estate, but this is not true. Plaintiff was convicted in Kansas in 1988 for three felonies, including first degree murder. Kansas Department of Corrections, Offender Population Search, available at http://165.201.143.205/kasper2/offender.asp?id=94 (accessed Nov. 7, 2013). Convicted felons are disqualified from serving as personal representatives decedents in Florida. FLA. STAT. § 733.303(1)(a). And because he is not the personal representative of Trayvon Martin, he may not assert claims on behalf of Trayvon Martin's estate, either under federal or state law. See FLA. STAT. § 768.20 (personal representative is proper party in wrongful death action); Christie v. Lee Cnty Sheriff's Office, No. 2:10-cv-420-FtM-36DNF, 2011 WL 4501953, at *2 (M.D. Fla. Sept. 28, 2011) (only a personal representative of decedent's estate may bring a § 1983 claim for violations of the decedent's rights)

without prejudice, dismissed the Complaint without prejudice, and transferred the case sua sponte to this division. (Doc. 10).

On November 7, 2013, I filed an omnibus report and recommendation on Plaintiff's motion for service by Marshal, second *in forma pauperis* motion, and motion to amend complaint. (Doc. 11). I recommended dismissal of the action based on Plaintiff's plainly frivolous claims and his failure to state a claim upon which this Court may grant him relief. I also concluded that dismissal was warranted because Plaintiff has accumulated "three strikes" under the *in forma pauperis* statute, 28 U.S.C. § 1915(g), and therefore may not proceed *in forma pauperis* in any civil litigation unless he shows that he "is under imminent danger of serious physical injury." Cf. Davis v. Rice, 299 Fed. Appx. 834, 835 (10th Cir. 2008). Finally, I concluded that dismissal *with prejudice* is appropriate here because leave to amend would be futile. Burger King Corp. v. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999).

On December 2, 2013, the district judge adopted the report and recommendation and dismissed this case with prejudice. See (Doc. 15). Accordingly, this case was closed that same day. Plaintiff now requests permission to proceed on appeal *in forma pauperis*. (Doc. 21).   Nothing has changed, and Plaintiff's allegations are still frivolous.

II.   Discussion

Section 1915(a)(3) states that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."   The law "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."   Neitzke v. Williams, 490 U.S. 319, 327 (1989).

An appellant satisfies the requirement that his appeal be taken in good faith when he asks the appellate court to review an issue that is not frivolous. Howard v. King, 707 F.2d 215, 220-21 (5th Cir. 1983). "The inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Id. at 220 (quoting Anders v. California, 386 U.S. 738 (1967); Woodall v. Foti, 648 F.2d 268, 271 (5th Cir. 1982)).

In Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990), the court explained: A lawsuit is frivolous if "'the plaintiff's realistic chances of ultimate success are slight.'" Harris v. Menendez, 817 F.2d 737, 740 (11th Cir. 1987) (quoting Jones v. Bales, 58 F.R.D. 453, 464 (N.D.Ga.1972), aff'd adopting district court opinion, 480 F.2d 805 (5th Cir.1973)). This standard, well established in this Circuit, is consistent with the Supreme Court's ruling in Neitzke, in which the Court said that a frivolous complaint is one that lacks an arguable basis in law or fact. "Arguable means capable of being convincingly argued. An action or claim in which 'the plaintiff's realistic chances of ultimate success are slight' is not one capable of being convincingly argued." Menendez, 817 F.2d at 740 n. 5 (citation omitted).

### III. Recommendation

The Court has already found that Plaintiff's claims are frivolous and dismissed the case two months ago. The Court is therefore, unable to certify that those same frivolous arguments form an adequate basis for appeal. Accordingly, I find that the appeal is not taken in good faith and **respectfully recommend** that the motion be **denied**.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 4, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

>Presiding United States District Judge
>Counsel of Record
>Pro se Plaintiff